**DICKSTEIN**SHAPIRO LLP

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277 6501 | dicksteinshapiro.com

November 17, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**Via Facsimile (permission granted by Lisa)**

Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150
Facsimile: (914) 390-4152

Re:     *Trustees of the Police & Fire Ret. Sys. of the City of Detroit v. Clapp et al.*;
        No. 08-CV-01515 (KMK) (GAY)

Dear Judge Karas:

          Our firm represents nominal defendant MBIA, Inc. ("MBIA")[1] through the Special
Litigation Committee ("SLC") of MBIA's Board of Directors in the above-captioned shareholder
derivative action. We write to respectfully request a pre-motion conference pursuant to Your
Honor's Individual Practice Rule II.A. regarding our anticipated filing of a motion to dismiss the
complaint. We also request on behalf of all defendants that the time to respond to the complaint
be stayed pending a decision on MBIA's anticipated motion.

          MBIA intends to move to dismiss this shareholder derivate action based on the SLC's
determination that pursuit of the litigation is not in the best interests of MBIA and its
shareholders. A shareholder derivate action differs from a non-derivative action in that the
shareholder plaintiff brings a derivative claim "to enforce a corporate cause of action." *Kamen v.
Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95, 111 S. Ct. 1711 (1991) (emphasis in original) (citation
and internal quotation omitted); *see also* 2 Dennis J. Block et al., *The Business Judgment Rule* at
1379-85 (5th ed. 1998) (discussing the nature of shareholder derivative actions). The derivative
action is effectively a corporate asset and any recovery is paid to the corporation, not to the
individual shareholder who brought the action as a derivative plaintiff. *See Collazo v. BBDO
NY*, No. 96 Civ. 9507, 1997 WL 746447, at *4 (S.D.N.Y. Dec. 3, 1997); Block, *supra*, at 1381-
83 (discussing a corporation's recovery in a shareholder derivative action).

---

[1]  MBIA provides financial guarantee insurance, investment management services and other
services to public finance and structured finance clients internationally. Generally, financial
guarantee insurance provides a guarantee of the payment of the principal, interest and other
amounts owed on insured financial obligations when due.

**DICKSTEIN**SHAPIRO_LLP_

Judge Kenneth M. Karas
November 17, 2008
Page 2


Therefore, states have adopted a variety of procedures to insure that the pursuit of such litigation is in the best interests of the corporation, including providing that a committee of independent directors may make the determination on that issue. *See Frank v. LoVetere*, 363 F. Supp. 2d 327, 333-34 (D. Conn. 2005) (discussing role of special litigation committee of Connecticut corporation in derivative action); Model Business Corporation Act ("MBCA") § 7.44 (Official Comment 2008) (discussing role of special litigation committee).

Connecticut (MBIA is a Connecticut corporation)[2] statutorily provides that a shareholder derivative action "shall be dismissed by the court" where a committee of "qualified directors" exercising "good faith" and after "reasonable inquiry" determines that the derivative action is not in the corporation's best interests. Conn.Gen.Stat. § 33-724 (emphasis added). A "qualified director" is one who does not have a material interest in the outcome of the proceeding or a material relationship with a person who does have such an interest. *See id.* § 33-605(a); *see also* MBCA § 1.43 (Official Comment 2008) (a "qualified director" is one who is both disinterested and independent).[3]

The concepts of good faith and reasonable inquiry are interrelated. Good faith "is a subjective [standard], meaning 'honestly or in an honest manner.'" MBCA § 7.44 at 7-331. The reasonableness of an inquiry "will depend upon the issues raised and the knowledge of the group making the determination with respect to those issues." *Id.* "Proof [ ] that the investigation has been so restricted in scope, so shallow in execution, or otherwise so *pro forma* or half-hearted as to constitute a pretext or sham, consistent with the principles underlying the application of the business judgment doctrine, would raise questions of good faith or conceivably fraud which would never be shielded by that doctrine." *Auerbach v. Bennett*, 47 N.Y.2d 619, 634-35, 393 N.E.2d 994 (1979).

The Court's focus on a motion to dismiss filed by a special litigation committee is properly on the process employed – whether an independent group conducted a good faith and reasonable investigation – as opposed to the conclusions reached by the SLC. As the District Court in *LoVetere* ruled: "The statute limits a court's consideration of a corporation's motion to dismiss to whether a proper group rejected the shareholder demand 'in good faith after conducting a reasonable inquiry upon which its conclusions are based.'" *LoVetere*, 363 F.Supp.2d at 334 (quoting Conn.Gen.Stat. § 33-724(a)).

---

[2] Because MBIA is incorporated in Connecticut, this derivative action and the rights of MBIA and its shareholders are governed by the laws of Connecticut. *See Strougo v. Padegs*, 27 F.Supp.2d 442, 447 (S.D.N.Y. 1998).

[3] Connecticut's statutes regarding derivative actions are based on the MBCA. *See Frank v. LoVetere*, 363 F.Supp.2d at 333 n.2; Conn. Gen. Assembly, Bill History, S.B. 547 (May 19, 2006).

DOCSNY.336193.01

**DICKSTEIN**SHAPIRO LLP

Judge Kenneth M. Karas
November 17, 2008
Page 3


The emphasis on process reflects the proper application of the business judgment doctrine in the context of a shareholder derivative action. "The policy reasons for this limited review is that a corporation should be free to determine in its own business judgment whether litigation is in its best interest, free from unnecessary interference." *LoVetere*, 363 F.Supp.2d at 335 (citing *Kamen v. Kemper Financial Servs.*, 500 U.S. 90, 101, 111 S.Ct. 1711, (1991)); *see also Auerbach*, 47 N.Y.2d at 633 ("The ... substantive decision falls squarely within the embrace of the business judgment doctrine, involving as it did the weighing and balancing of legal, ethical, commercial, promotional, public relations, fiscal and other factors familiar to the resolution of many if not most corporate problems. To this extent the conclusion reached by the special litigation committee is outside the scope of our review.")

The complaint here asserts causes of action for alleged breach of fiduciary duty, abuse of control, gross mismanagement, unjust enrichment, and aiding and abetting breach of fiduciary duty against eleven current and former directors of MBIA. The allegations concern MBIA's issuance of financial guarantees on collateralized debt obligations ("CDOs"), including what are referred to as CDOs-squared, and its public reporting concerning those financial guarantees.

Here, the SLC is comprised of two disinterested, independent "qualified directors" with extensive business experience. David Coulter has been a managing director at Warburg Pincus, a private equity firm with offices in the United States, Europe and Asia since 2005. Prior to that he held senior positions at JPMorgan Chase, the Beacon Group and BankAmerica Corp. He joined the MBIA Board in January 2008, after the wrongdoing alleged in the complaint occurred. Richard Vaughan is the former vice president and CFO of Lincoln Financial Group and a former KPMG partner. He joined the MBIA board in August 2007. While he is named a defendant, he joined the board the very month that MBIA issued its last financial guarantee on a CDO. The SLC was granted full authority to investigate, analyze and evaluate the allegations in the derivative complaint and to determine whether pursuit of the action was in MBIA's best interest.

The SLC has conducted a good faith and thorough investigation. The SLC retained this firm, and we retained the accounting firm Marcum & Kliegman LLP, as well as structured finance experts (the firm of Bates White LLC and finance expert Linda Allen, Ph.D) to assist in the investigation. Counsel for the SLC conducted 32 witness interviews and reviewed over 26,000 pages of paper documents and over 24,000 electronic documents (following key word searches in databases containing in excess of 445,000 documents).

**DICKSTEIN**SHAPIRO**LLP**

Judge Kenneth M. Karas
November 17, 2008
Page 4


After its 8-month investigation, the SLC concluded that the defendants' conduct did
not support the causes of action asserted in the complaint and that pursuit of the litigation was
not in the best interests of MBIA and its shareholders. As a result, we intend to file a motion to
dismiss the Complaint.


Respectfully Submitted,

*Donald A. Corbett* By CHS

Donald A. Corbett (DC-7818)
(212) 277-6579
corbettd@dicksteinshapiro.com

DAC/clb

cc:     David Wales, Esq. (via facsimile)
        (212) 545-4758

The Court will hold a pre-motion
conference on December 18, 2008, at 10:00
Plaint.ff is to respond to this letter by
November 24, 2008. Defendants' time to
answer the complaint is stayed until the
pre-motion conference.

So Ordered.

11/18/08