WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603

DAVID L. WALES
212-545-4788
FAX 212-545-4758
wales@whafh.com

**MEMO ENDORSED**

March 18, 2009

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**FEDERAL EXPRESS**

Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *Trustees of the Police & Fire Ret. Sys. of the City of Detroit v. Clapp. et al.*
              No. O8-CV-01515 (KMK) (GAY)

Dear Judge Karas:

    Our firm and Kohn Swift & Graf, P.C., represent the Trustees of the Police & Fire Retirement System of the City of Detroit (the "Plaintiff"), in the above referenced derivative action brought on behalf of nominal defendant MBIA, Inc. ("MBIA"). We write this letter with the consent of Donald A. Corbett, Esq., counsel for the Special Litigation Committee ("SLC"). Specifically, pursuant to Your Honor's Order dated January 11, 2009, we advise the Court that the parties have conferred but were unable to agree on discovery related to the SLC, its Final Report and the motion to dismiss, and therefore jointly propose a briefing schedule for a motion to address this issue.

Background:

    On February 13, 2008, the Plaintiff commenced a derivative action against certain current and former directors of MBIA. In response to the derivative action, on February 25, 2008, MBIA formed the SLC.

    By letter dated November 17, 2008, counsel for the SLC advised the Court that SLC conducted a reasonable and good faith inquiry into the allegations in the complaint, and that the SLC concluded that pursuit of the allegations in the derivative complaint was not in the best interests of MBIA and its shareholders, and recommended that the action be dismissed. In response, by letter dated November 19, 2008, counsel for the Plaintiff advised the Court that it

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Honorable Kenneth M. Karas
March 18, 2009
Page 2

did not agree that the SLC was properly constituted as it had conflicts of interest, it did not conduct a proper investigation, and that the conclusions of the SLC were not supported by findings of the SLC. Attached hereto are copies of the two letters.

The Court Conference and Order:

On December 18, 2008, the parties appeared before Your Honor for a conference on this matter. At that conference the parties discussed their views on whether or not it was appropriate for the Plaintiff to obtain certain discovery prior to responding to the SLC's motion. As the parties did not agree at that time, it was jointly proposed by the parties that the SLC would serve and submit to Your Honor its report and memorandum of law in support of its motion by January 16, 2009. It was further proposed by the parties that they would confer regarding discovery, and if they could not reach an agreement, would so advise Your Honor by March 20, 2009. Your Honor agreed to this procedure, and following the conference issued an Order that provided in relevant part, as follows:

> Defendants shall serve their motion for summary judgment upon all counsel no later than January 23, 2009. Plaintiff shall submit a letter upon all counsel no later than March 20, 2009, reporting any discovery disputes to the Court and/or providing the Court with a proposed briefing schedule to respond to Defendants' motion.

Order dated January 11, 2009, attached hereto is a copy of the Order.

The SLC Report, Motion To Dismiss, and Plaintiff's Response:

On January 23, 2009, counsel for the SLC served Plaintiff's counsel with the SLC Report, the supporting exhibits and a motion to dismiss. Plaintiff has carefully reviewed the Report, the exhibits and the motion to dismiss. After this review, Plaintiff remains convinced that the SLC was conflicted, the investigation was deeply flawed and the conclusions are not supported by the record.

As such, and consistent with a motion to terminate a shareholder derivative action, Plaintiff believed that discovery on these issues was appropriate. On February 18, 2009, Plaintiff's counsel served on counsel for the SLC (a) a request for production of documents and (b) notices of depositions for the members of the SLC. Counsel for the parties have met and conferred on discovery. However, the parties have not been able to agree on the discovery that is appropriate prior to the Plaintiff's response to the SLC's motion. Accordingly, the parties conferred and jointly propose a briefing schedule on the issue of discovery, with the Plaintiff's submission due April 10, 2009 and the SLC's response due May 1, 2009.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Honorable Kenneth M. Karas
March 18, 2009
Page 3

Conclusion:

    For the reasons set forth herein, the parties jointly request approval of the briefing schedule on the issue of discovery, with the Plaintiff's submission to be served on April 10, 2009, and the SLC's response due on May 1, 2009. Thank you for your consideration of this application.

                                Respectfully submitted,

                                David L. Wales

                                Respectfully submitted

                                KOHN SWIFT & GRAF, P.C.

                                By: _____
                                    Denis F. Sheils

Enclosures

cc:   Donald A. Corbett, Esq. (Via E-Mail)
       Gregory M. Nespole, Esq.

539526

*[Handwritten note:] The proposed briefing schedule regarding discovery is acceptable to the Court.*

*So Ordered.*

*3/20/09*