UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

TRUSTEES OF THE POLICE AND FIRE
RETIREMENT SYSTEM OF THE CITY OF
DETROIT, Derivatively On Behalf of MBIA, INC.,

                      Plaintiffs,

        -against-                            **DECISION AND ORDER**

                                                    08 Civ. 1515 (KMK)(GAY)

DAVID C. CLAPP, GARY C. DUNTON, CLAIRE
L. GAUDIANI, DANIEL P. KEARNEY,
LAURENCE MEYER, DAVID M. MOFFETT,
DEBRA J. PERRY, JOHN A. ROLLS, RICHARD
C. VAUGHAN, RICHARD H. WALKER,
JEFFREY W. YABUKI,

                      Defendants,

        -and-

MBIA, INC.

                      Nominal Defendant.

------------------------------------------------------------------------x

   I. <u>Background</u>

   Before the Court is plaintiff's motion to compel discovery in this shareholder derivative action. In sum, plaintiff contends that the requested discovery should be ordered because: (1) the motion of the Special Litigation Committee ("SLC") is properly a motion for summary judgment and not a motion to dismiss; (2) plaintiff is entitled to discovery in connection with said motion; (3) the public record and statements in the SLC's Final Report (the "Report") establish substantial questions about whether the members of the SLC are "qualified directors" and, as a consequence, whether their

determinations in the Report were rendered in good faith after reasonable inquiry; (4) Connecticut law provides that, at a minimum, the SLC must produce to plaintiff all underlying data utilized in connection with the Report; and (5) discovery is required because the public record and statements in the Report establish substantial questions concerning both the reasonableness of the SLC's investigation and whether its conclusions are supported by the findings in the Report.

Defendants oppose the motion to compel discovery. Defendants assert that plaintiff ignored Connecticut law that requires a shareholder to issue a demand to the corporation and can only bring suit if the demand is rejected. As such, defendants argue that non-compliance with the demand rules bars plaintiff from obtaining discovery. Defendants also contend that, in any event, plaintiff has not alleged the required particularized facts prior to seeking discovery demonstrating that the SLC acted in bad faith, was biased, or conducted an illegitimate inquiry. Moreover, defendants claim that the 165-page Report of the SLC provides that plaintiff with more than enough facts and information on the good faith, independence and reasonableness of the SLC and its inquiry.

II. The Demand Requirement

Under Connecticut law, a shareholder must first issue a demand to the corporation before filing a derivative complaint. Conn. Gen. Sat. § 33-722; MBCA § 7.44 cmt. At 7-332. Here, plaintiff did not make a demand upon defendants but states that such a demand would have been futile. "Several Connecticut Superior Court cases decided after the enactment of C.G.S. § 33-722 have continued to recognize the futility exception." First Equity Group, Inc.v Culver, No. 08 Civ. 1893, 2009 WL 453490 at *4 n.

1 (D.Conn. Feb. 11, 2009)(citations and quotations omitted).  See also In re Clark, No.08-20571, 2009 WL 3366973 at *3 (Bankr. D. Conn. Oct. 16, 2009)(citing Connecticut cases recognizing futility exception).

Plaintiffs have set forth sufficient factual assertions raising issues of potential conflicts of members of the SLC; and questions about the reasonableness of the investigation and whether the findings of the SLC support the conclusions in the Report. As such, discovery is not barred for failure to make a demand under the circumstances herein.

   II.  Discovery

The Second Circuit has stated that "if the special litigation committee recommends termination [of a shareholder derivative suit] and a motion for judgment follows, the committee must disclose to the court and the parties not only its report but all underlying data." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982).  The Court has not been provided with any authority that Joy is no longer controlling given the enactment of C.G.G. § 33-724.  The Court also concludes that the motion herein is in the nature of one for summary judgment as opposed to the captioned motion to dismiss.  The motion does not rely on just the four corners of the complaint, but on the SLC, the Report, and the process that produced said Report.  Thus, necessary discovery should be provided to response to the motion.  Fed.R.Civ.P. 56(f).

Defendants contend that a properly constituted SLC recommended dismissal of the complaint "in good faith after conducting a reasonable inquiry upon which its conclusions are based." Conn.Gen.Stat. § 33-724(a).  Limited discovery to address those issues shall be allowed at this time.  Defendants shall provide for discovery "the

underlying data" to the SLC Report, i.e. those materials reviewed by the SLC as referenced in pages 2 and 20 of the Report. In addition, plaintiff's motion for depositions of the SLC members is granted.

III. Telephone Conference

A telephone conference, to be initiated by plaintiff, shall be held on Thursday, April 8, 2010 at 10:00 a.m.

IV. Conclusion

Plaintiff's motion to compel discovery is granted to the extent set forth herein. The Clerk is directed to terminate the pending motion (docket #30).

SO ORDERED:

Dated: March 29 2010
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.