# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Derivatively on Behalf of MBIA INC., | No. 08-CV-01515 (KMK) (GAY) |
| Plaintiffs, | |
| -against- | |
| DAVID C. CLAPP, GARY C. DUNTON, CLAIRE L. GAUDIANI, DANIEL P. KEARNEY, LAURENCE MEYER, DAVID M. MOFFETT, DEBRA J. PERRY, JOHN A. ROLLS, RICHARD C. VAUGHAN, RICHARD H. WALKER, JEFFREY W. YABUKI, | |
| Defendants, | |
| -and- | |
| MBIA INC., | |
| Nominal Defendant. | |

## STIPULATION OF COMPROMISE AND SETTLEMENT

This Stipulation of Compromise and Settlement is made and entered as of the 4th day of October, 2012, subject to the approval of the Federal Court,[1] by and between the following Parties to the Federal and State Actions, all by and through their counsel of record: (1) the Federal and State Plaintiffs, who have brought suit derivatively for and on behalf of nominal defendant MBIA Inc. ("MBIA" or the "Company"); (2) nominal defendant MBIA, through MBIA's Special Litigation Committee; and (3) the Individual Defendants. This Stipulation is

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Definitions section of this Stipulation.

24898/2
10/04/2012 18424484.20

intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, on or about February 13, 2008, the Federal Plaintiff filed the Federal Complaint, naming David C. Clapp, Gary C. Dunton, Claire L. Gaudiani, Daniel P. Kearney, Laurence Meyer, David M. Moffett, Debra J. Perry, John A. Rolls, Richard C. Vaughan, Richard H. Walker, and Jeffrey W. Yabuki as defendants;

WHEREAS, the Federal Complaint alleged various causes of action on behalf of and for the benefit of MBIA and sought, among other forms of relief, an order directing the Federal Defendants, and those under their supervision, to implement and enforce policies, practices, and procedures on behalf of MBIA to detect and prevent illegal conduct by Company employees and representatives;

WHEREAS, on February 25, 2008, MBIA's Board adopted resolutions appointing the Special Litigation Committee to investigate and consider the matters raised in the Federal Complaint;

WHEREAS, on or about February 26, 2008, the State Plaintiff filed a complaint in the State Court, naming Joseph W. Brown, C. Edward Chaplin, David C. Clapp, David A. Coulter, Gary C. Dunton, Clair L. Gaudiani, Daniel P. Kearney, Kewsong Lee, Laurence Meyer, David M. Moffett, Debra J. Perry, John A. Rolls, Richard C. Vaughan, Richard H. Walker, and Jeffrey W. Yabuki as defendants;

WHEREAS, on or about April 7, 2008, the State Court approved of a voluntary discontinuance of the February 26, 2008 complaint;

WHEREAS, on April 14, 2008, the State Plaintiff and another purported MBIA shareholder issued the State Demand Letter to the Board;

WHEREAS, on May 1, 2008, the Board adopted resolutions appointing the Special Litigation Committee to investigate and consider the matters raised in the State Demand Letter;

WHEREAS, on or about August 11, 2008, the State Plaintiff filed the State Complaint, naming Joseph W. Brown, C. Edward Chaplin, David C. Clapp, David A. Coulter, Gary C. Dunton, Clair L. Gaudiani, Daniel P. Kearney, Kewsong Lee, Laurence Meyer, David M. Moffett, Debra J. Perry, John A. Rolls, Richard C. Vaughan, Richard H. Walker, and Jeffrey W. Yabuki as defendants;

WHEREAS, the State Complaint alleged various causes of action on behalf of and for the benefit of MBIA and sought, among other forms of relief, an order directing MBIA to adopt and implement procedures and processes to improve its corporate governance and internal procedures to comply with state laws;

WHEREAS, the parties to the State Action agreed to a stay pending the Federal Court's resolution of MBIA's motion to terminate the Federal Action;

WHEREAS, the Special Litigation Committee conducted an investigation of the claims in the Federal Complaint, State Demand Letter, and State Complaint;

WHEREAS, on November 4, 2008, the Special Litigation Committee found no basis for liability and determined that pursuit of the claims asserted by the Plaintiffs was not in the best interests of the Company or its shareholders;

WHEREAS, during a November 14, 2008 meeting, the Special Litigation Committee's counsel met with counsel to the Federal Plaintiff and announced it had completed the investigation, delivered an overview of its findings, and stated that the Special Litigation Committee, consisting of Messrs. Coulter and Vaughan, had determined to seek the dismissal of the Federal Action;

-3-

WHEREAS, the Plaintiffs do not concur with the Special Litigation Committee's determination and continue to believe the Federal and State Complaints state viable causes of action;

WHEREAS, on November 17, 2008, the Special Litigation Committee's counsel advised the Federal Court by letter that the Special Litigation Committee intended to move to dismiss the Federal Action;

WHEREAS, on November 19, 2008, counsel to the Federal Plaintiff responded in writing raising several concerns regarding, among other things: (a) that the Special Litigation Committee originally consisted of three, not two, members, (b) the basis for one Special Litigation Committee member's recusal, and (c) the Special Litigation Committee's independence. Federal Plaintiff's counsel also stated that the Special Litigation Committee's anticipated motion was not a motion to dismiss but one akin to a motion for summary judgment as it relied upon the Special Litigation Committee's Report, which went beyond the four corners of the Federal Complaint;

WHEREAS, on December 18, 2008, the parties to the Federal Action appeared before the Federal Court for a pre-motion conference during which the Federal Court issued a scheduling order stating in relevant part that the Federal Defendants and MBIA shall serve their motion upon all counsel by no later than January 23, 2009. The order also advised the Federal Plaintiff to inform the Federal Court of any discovery disputes by March 20, 2009;

WHEREAS, on January 23, 2009, the Special Litigation Committee issued the Report, which set forth its findings and conclusions with respect to the matters raised in the Federal and State Complaints and on the same day, the Special Litigation Committee moved to dismiss the Federal Complaint based, in part, on its independent, good faith, and reasonable investigation;

-4-

WHEREAS, on February 18, 2009, after reviewing the Report and accompanying exhibits, the Federal Plaintiff sought discovery by (a) requesting documents pertaining to the Special Litigation Committee's independence and good faith, the reasonableness of the investigation, and whether its conclusions were supported by the facts uncovered in the investigation and (b) noticing depositions for the former and current members of the Special Litigation Committee.  The Special Litigation Committee, however, objected on the basis that it had already provided the Federal Plaintiff with sufficient information regarding its independence, good faith, and reasonableness;

WHEREAS, on April 10, 2009, the Federal Plaintiff moved to compel discovery;

WHEREAS, in late 2009, the Federal Plaintiff's motion to compel was assigned to the Honorable George A. Yanthis for disposition and in early January 2010, Magistrate Judge Yanthis convened the parties for a telephonic hearing and, considering the passage of time since the filing of the motion, permitted the parties to file short supplements to their prior briefing;

WHEREAS, on March 29, 2010, Magistrate Judge Yanthis issued an order permitting discovery into the issues pertaining to the Special Litigation Committee and its Report;

WHEREAS, MBIA's objection followed, and the matter was stayed pending the Federal Court's ruling on MBIA's objection to the order of Magistrate Judge Yanthis granting discovery;

WHEREAS, on December 14, 2010, counsel for the parties in the Federal Action appeared before the Federal Court for argument on MBIA's objection and, ruling from the bench, the Federal Court sustained MBIA's objection on the grounds that the Federal Plaintiff had not satisfied Connecticut's demand requirement prior to the filing of the Federal Complaint;

WHEREAS, by an order dated December 14, 2010, the Federal Court dismissed the Federal Complaint without prejudice;

WHEREAS, on December 23, 2010, the Federal Plaintiff issued the Federal Demand Letter, which annexed the Federal Complaint, upon the Board pursuant to Connecticut law;

WHEREAS, the Federal Plaintiff contends it was error to dismiss the Federal Complaint for failure to make a demand under Connecticut law;

WHEREAS, the Board referred the Federal Demand Letter to the Special Litigation Committee, composed of Messrs. Coulter and Vaughan;

WHEREAS, on March 4, 2011, the Special Litigation Committee's counsel advised the Federal Plaintiff by letter that the Special Litigation Committee had reviewed the Federal Demand Letter, updated the earlier investigation, and again found no basis for liability and determined that litigation was not in the best interests of the Company or its shareholders;

WHEREAS, on March 15, 2011, the Special Litigation Committee's counsel informed Federal Plaintiff's counsel that the Special Litigation Committee had rejected its demand on the bases set forth in the Report;

WHEREAS, on June 3, 2011, the Federal Plaintiff filed its Amended Verified Derivative Complaint;

WHEREAS, the Parties acknowledge that the Company, through its Board in the exercise of its fiduciary responsibility and discretion, has implemented a series of reforms, policies, and practices in the past four years:

- In 2008 the Board engaged outside counsel, which engaged an outside independent consulting firm, to conduct a review of the Company's historical structured finance risk strategy. Following a comprehensive review, outside counsel, the independent consulting firm, and select members of management

-6-

and the Board presented their findings and core principles that should guide any structured finance business in the future to the full Board;

- In 2008 the Company announced that it would cease insuring credit default swaps;

- In 2008 the Company formally supported the New York State Insurance Department's position that the Department should limit the extent to which financial guarantee companies guarantee resecuritizations, including CDO²s;

- In 2009 the Company elected to separate the roles of Chairman and CEO and in May 2009, the Board elected an independent director as Chairman;

- In 2009 the Risk Oversight Committee, which consists of the CEO and other senior management and is responsible for firm-wide risk review and the policies and decisions related to credit, market, operational, legal, financial, and business risks amended its charter to implement a procedure, which requires the Committee to review new products and strategic initiatives in addition to reviewing major changes to investment strategies and philosophies of MBIA and its subsidiaries;

- In 2008 the Company began distributing periodic e-mails from the Chief Compliance Officer to all staff reminding them of the availability of the Company's whistleblower hotline;

- In 2008 the Company developed a strategy to remedy losses incurred through its issuance of financial guarantees on CDOs and other structured finance products, including litigation against those that defrauded MBIA in connection with certain CDO transactions;

- In 2008 an outside law firm was consulted to ensure that the Audit Committee's charter was in compliance with New York Stock Exchange and Securities and Exchange Commission rules and good governance practices for a public company;

- In 2010 an external Quality Assessment Review was performed on the Internal Audit department in accordance with the Institute of Internal Auditors International Professional Practices Framework Standards;

- In 2008 the Company engaged outside counsel to (i) conduct a review of, among other things, MBIA's disclosure practices and (ii) present its findings to the Board;

- In 2010 the Disclosure Committee adopted a charter, which formalized, among other things, the Committee's establishment, membership, and meeting requirement;

- In 2009 the Company established the Disclosure Committee's Subcommittee on Public Communications, which consists of representatives from MBIA's legal, accounting, marketing, and investor communications departments and meets quarterly to review website and other non-regulatory disclosures;

- In 2010 the Company revised its Disclosure Policy to incorporate the Company's Regulation FD policy and procedures and to consolidate other disclosure related policies;

- In 2009 the Company developed a policy for the review and approval process for content on MBIA's website;

- In 2009 the Company developed a policy for the review and approval process for updating MBIA's website;

- In 2010 the Company developed website procedures for National Public Finance Guarantee Corp.'s website, including the review and approval process for content and other changes to the website as well as escalation to the Disclosure Committee or Subcommittee;

- In 2010 the Company developed website procedures for Cutwater Asset Management's website, including the review and approval process for content and other changes to the website as well as escalation to the Disclosure Committee or Subcommittee;

- In 2010 the Company developed website procedures for LatAm Capital Advisors' website, including the review and approval process for content and other changes to the website as well as escalation to the Disclosure Committee or Subcommittee; and

- In 2010 the Company provided additional training to employees, including senior management, on specific securities law issues, including a five-hour training session on disclosure issues and two in-person training sessions regarding insider trading, one specifically designed for senior management.

WHEREAS, the Parties recognize that the above reforms, policies, and practices provided substantial benefit to the Company and its Shareholders;

WHEREAS, the Plaintiffs recognize that the above reforms, policies, and practices have accomplished much of what they set out to achieve in bringing the Derivative Actions;

WHEREAS, the Company has no present intention to abrogate any of these reforms, policies, and practices;

-8-

WHEREAS, the Parties acknowledge that the Company, through its Board or management, retains the responsibility, authority, and discretion to abrogate, modify, or otherwise change these reforms, policies, and practices; and

WHEREAS, the Parties have determined to settle the Derivative Actions.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Parties herein that the Released Claims shall be and hereby are compromised, settled, discontinued, and dismissed with prejudice and without costs (except as defined herein) as to all Released Persons upon the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings specified below:

a)      "Amended Verified Derivative Complaint" means the amended shareholder derivative complaint filed by the Federal Plaintiff in the Federal Action on or about June 3, 2011.

b)      "Board" means the Board of Directors of MBIA.

c)      "CDO" means collateralized debt obligation.

d)      "Defendants" means MBIA and the Individual Defendants.

e)      "Derivative Actions" means the Federal and State Actions, collectively.

f)      "Effective Date" means the date of completion of the latter of the following two events: (i) the Federal Dismissal and (ii) the State Dismissal.

g)      "Federal Action" means *Trustees of the Police and Fire Retirement System of the City of Detroit v. Clapp, et al.*, No. 08-CV-01515, pending in Federal Court.

h)      "Federal Complaint" means the shareholder derivative complaint filed by the Federal Plaintiff in the Federal Action on or about February 13, 2008.

   i)  "Federal Court" means the United States District Court for the Southern District of New York.

   j)  "Federal Defendants" means the Individual Defendants named in the Federal Action.

   k)  "Federal Demand Letter" means the December 23, 2010 demand letter issued to MBIA by the Federal Plaintiff.

   l)  "Federal Dismissal" means the entry of the Order and Final Judgment.

   m)  "Federal Plaintiff" means the Police and Fire Retirement System of the City of Detroit.

   n)  "Individual Defendants" means Joseph W. Brown, C. Edward Chaplin, David C. Clapp, David A. Coulter, Gary C. Dunton, Claire L. Gaudiani, Daniel P. Kearney, Kewsong Lee, Laurence Meyer, David M. Moffett, Debra J. Perry, John A. Rolls, Richard C. Vaughan, Richard H. Walker, and Jeffrey W. Yabuki.

   o)  "Lead Plaintiff" means the Police and Fire Retirement System of the City of Detroit.

   p)  "Lead Plaintiff's Counsel" means Kohn, Swift & Graf, P.C. ("Kohn Swift") and Wolf Haldenstein Adler Freeman & Herz, LLP.

   q)  "Notice" means the Notice of Pendency and Settlement of the Derivative Actions and of Settlement Hearing, substantially in the form of Exhibit A to the Stipulation.

   r)  "Order and Final Judgment" means an order and final judgment substantially in the form of Exhibit B to the Stipulation.

   s)  "Parties" means collectively, the Plaintiffs and the Defendants.

   t)  "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint

venture, joint stock company, estate, legal representative, trust, unincorporated association, business, legal entity, or government or any political subdivision or agency thereof.

u)     "Plaintiffs" means the Federal and State Plaintiffs, collectively.

v)     "Plaintiffs' Counsel" means Kohn Swift; Wolf Haldenstein Adler Freeman & Herz LLP; and Faruqi & Faruqi, LLP.

w)    "Preliminary Order" means an order substantially in the form of Exhibit C to the Stipulation.

x)     "Publication Notice" means the Summary Notice of Pendency and Settlement of Derivative Actions and of Settlement Hearing, substantially in the form of Exhibit D to the Stipulation.

y)     "Related Persons" means, with respect to any Person, such Person's present and former parent entities, subsidiaries (direct or indirect), and affiliates, and each of their respective present and former shareholders, general partners, limited partners, affiliates, divisions, joint ventures, partnerships, officers, directors, principals, employees, agents, representatives, attorneys, insurers, excess insurers, experts, advisors, investment advisors, underwriters, fiduciaries, trustees, auditors, accountants, spouses, and immediate family members, and the predecessors, heirs, legatees, successors, assigns, agents, executors, devisees, personal representatives, attorneys, advisors, and administrators of any of them, and the predecessors, successors, and assigns of each of the foregoing, and any other Person in which any such Person has or had a controlling interest or which is or was related to or affiliated with such Person, and any trust of which such Person is the settlor or which is for the benefit of such Person or member(s) of his or her family.

z)     "Released Claims" means any statutory or common law claims, rights, demands, suits, matters, issues, or causes of action under federal, state, local, foreign, or any

other law, rule, or regulation, including any claim for breach of fiduciary duty, aiding and

abetting breach of fiduciary duty, insider trading, misappropriation of information, failure to

disclose, abuse of control, breach of MBIA's policies or procedures, waste, mismanagement,

gross mismanagement, unjust enrichment, misrepresentation, fraud, breach of contract,

negligence, violations of law, money damages, injunctive relief, corrective disclosure, damages,

penalties, disgorgement, restitution, contribution, indemnity, interest, attorneys' fees, expert or

consulting fees, and any and all other costs, expenses, or liability whatsoever, whether based on

federal, state, local, foreign, statutory, common law, or any other law, rule, or regulation,

whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity,

matured or unmatured, whether known or Unknown Claims, that were asserted, or could have

been asserted in the Derivative Actions by the Plaintiffs or any MBIA Shareholder, derivatively,

on behalf of MBIA, in any court of competent jurisdiction or any other adjudicatory tribunal,

against the Released Persons in connection with, arising out of, related to, based upon, in whole

or in part, directly or indirectly, in any way, to the facts, transactions, events, occurrences, acts,

disclosures, oral or written statements, representations, filings, publications, disseminations,

press releases, presentations, accounting practices or procedures, underwriting practices or

procedures, omissions or failures to act which were or which could have been alleged or

described in the Derivative Actions by the Plaintiffs or any MBIA Shareholder, derivatively, on

behalf of MBIA.  The "Released Claims" include, but are not limited to, any and all claims

related to or arising out of MBIA's insurance and underwriting of and disclosure concerning

structured finance products, including CDOs, $CDO^2$s, and residential mortgage-backed

securities; MBIA's calculation and disclosure of its loss reserves and mark-to-market losses and

gains; Warburg Pincus LLC's investments in MBIA after 2007; MBIA's establishment of the

National Public Finance Guarantee Corporation; and communications with rating agencies regarding structured finance products.

aa)    "Released Defendants' Claims" means any statutory or common law claims, rights, demands, matters, issues, or causes of action under federal, state, local, foreign, or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Derivative Actions or any forum by the Defendants or any of them or the successors and assigns of any of them against the Plaintiffs and Plaintiffs' Counsel and their subsidiaries, affiliates, members, directors, officers, employees, partners, shareholders, agents, heirs, administrators, successors, and assigns, which arise out of or relate in any way to the institution, prosecution, or settlement of the Derivative Actions (except for claims to enforce the terms of this Settlement).

bb)    "Released Persons" means each and all of the Defendants and the Board and each and all of their and its respective Related Persons.

cc)    "Report" means the report prepared by the Special Litigation Committee dated January 23, 2009.

dd)    "Settlement" means the settlement and compromise of the Derivative Actions as provided for herein.

ee)    "Settlement Hearing" means the hearing or hearings at which the Federal Court will review the adequacy, fairness, and reasonableness of the Settlement.

ff)    "Shareholder(s)" means any holder of record or beneficial holder of MBIA common stock.

gg)    "State Action" means *Crescente v. Brown*, Index No. 17595/2008, pending in State Court.

-13-

hh)    "State Complaint" means the shareholder derivative complaint filed by the State Plaintiff in the State Action on or about August 11, 2008.

ii)    "State Court" means the Supreme Court of the State of New York, County of Westchester.

jj)    "State Demand Letter" means the April 14, 2008 demand letter issued to MBIA by the State Plaintiff and another purported MBIA shareholder.

kk)    "State Dismissal" means the entry of an order dismissing with prejudice the State Action.

ll)    "State Plaintiff" means Mary Crescente.

mm)    "Stipulation" means this Stipulation of Compromise and Settlement.

nn)    "Stipulation of Discontinuance" means a stipulation substantially in the form of Exhibit E to the Stipulation.

oo)    "Unknown Claims" means any Released Claims which the Plaintiffs or any MBIA Shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any Released Defendants' Claims, which any Defendant does not know or suspect to exist in his, her, or its favor, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Plaintiffs and the Defendants shall expressly waive, and any other MBIA Shareholder shall be deemed to have waived, and by operation of the Federal Dismissal shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principles of common law, which is similar, comparable, or equivalent to California Civil Code section 1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of

-14-

executing the release, which if known by him or her must have
materially affected his or her settlement with the debtor.

The Plaintiffs and the Defendants acknowledge, and any MBIA Shareholder by operation
of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the
definition of Released Claims and Released Defendants' Claims was separately bargained for
and was a key element of the Settlement.

## SETTLEMENT OF THE DERIVATIVE ACTIONS

2.      <u>Defendants' Denial of Liability</u>.  MBIA and each of the Individual Defendants
have denied and continue to deny all of the claims in the Derivative Actions.  The Individual
Defendants have denied and continue to deny having committed, aided, or attempted to commit
any violations of law or breach of any duty of any kind or otherwise having acted in any
improper manner.  The Defendants are entering into the Stipulation because they believe that the
proposed Settlement is in the best interests of MBIA and its Shareholders and the proposed
Settlement would eliminate the expenses, burdens, and risks associated with further litigation of
the Derivative Actions.

3.      <u>Lead Plaintiff and Lead Plaintiff's Counsel</u>.  Police and Fire Retirement System
of the City of Detroit shall be Lead Plaintiff, and Kohn Swift and Wolf Haldenstein Adler
Freeman & Herz LLP shall be Lead Plaintiff's Counsel, for purposes of this Stipulation and all
proceedings in connection with this Stipulation.

4.      <u>Reliance Upon Own Knowledge</u>.  The Plaintiffs expressly represent and warrant
that, in entering into the Settlement, they relied upon their own knowledge and investigation
(including the knowledge of and investigation performed by Plaintiffs' Counsel), and not upon
any promise, representation, warranty, or other statement made by or on behalf of any of the
Defendants or their Related Persons not expressly contained in this Stipulation.

-15-

5.     Notice.  MBIA shall be responsible for all costs of any court-directed notice to MBIA Shareholders.

6.     Plaintiffs' Attorneys' Fees and Expenses.  Subject to court approval, MBIA shall cause its insurers to pay to Plaintiffs' Counsel, attorneys' fees and reimbursements for Plaintiffs' Counsel ("Fees and Expenses") of $825,000, to be disbursed to Kohn Swift.  Kohn Swift shall be responsible for allocating and disbursing the Fees and Expenses among Plaintiffs' Counsel. Payment of Fees and Expenses is contingent upon the Federal Court's approval of the Stipulation, the Federal Dismissal, and the State Dismissal.  MBIA shall cause the Fees and Expenses to be paid to Kohn Swift no later than twenty-five (25) days after the Effective Date. Plaintiffs shall provide MBIA with (i) Kohn Swift's tax identification number; (ii) an executed Form W-9 from Kohn Swift; (iii) Kohn Swift's contact information, including a contact name, telephone number, and physical address; and (iv) written instructions for the payment of Fees and Expenses no later than five (5) days after the Effective Date.  Upon receipt of this information MBIA will provide it to its insurers no later than ten (10) days after the Effective Date.  Plaintiffs' Counsel's receipt of the Fees and Expenses is subject to Plaintiffs' Counsel's joint and several obligation to make a refund or repayment to the Company if, as a result of any appeal or further proceedings on remand, or successful collateral attacks, the amount of Fees and Expenses is reduced or eliminated.

7.     Releases.

a)     Upon the Effective Date, the Plaintiffs, on behalf of themselves and their Related Persons, MBIA, and any MBIA Shareholder, release any Released Claims they may have against any of the Released Persons.  The Plaintiffs also release all claims against the Defendants' counsel related to the defense of the Derivative Actions.

-16-

b)      Upon the Effective Date, each Defendant, on behalf of himself, herself, or itself and on behalf of his, her, or its respective Related Persons, releases any Released Defendants' Claims they may have against the Plaintiffs and Plaintiffs' Counsel and their subsidiaries, affiliates, members, directors, officers, employees, partners, shareholders, agents, heirs, administrators, successors, and assigns.

c)      Upon the Effective Date, each Defendant, on behalf of himself, herself, or itself and on behalf of his, her, or its respective Related Persons, releases each other and their respective Related Persons from all claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims.

d)      Notwithstanding any other provision of this Stipulation or anything contained in any Exhibit hereto to the contrary, nothing in this Stipulation or in any Exhibit hereto shall be construed to release, discharge, extinguish, or otherwise compromise (i) any claims or potential claims that any Defendant may have under or relating to any policy of liability or other insurance; (ii) any obligation owed to any Defendant by an insurer, co-insurer, or reinsurer; or (iii) any claims by MBIA against Persons with whom MBIA currently has a dispute, including, but not limited to, the claims asserted in *MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*, No. 602825/2008 (N.Y. Sup. Ct., N.Y. Co.); *MBIA Insurance Corp. v. Residential Funding Company, LLC*, No. 603552/2008 (N.Y. Sup. Ct., N.Y. Co.); *MBIA Insurance Corp. v. GMAC Mortgage, LLC*, No. 600837/2010 (N.Y. Sup. Ct., N.Y. Co.); and *MBIA Insurance Corp. v. Federal Deposit Insurance Corp.*, No. 09-01011 (D.D.C.).

8.      <u>Discontinuance of the State Action</u>.   Within five (5) days after the Federal Dismissal, the parties to the State Action shall execute a Stipulation of Discontinuance and jointly request that the State Court so order the discontinuance with prejudice and shall use their best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things

reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements, to secure such discontinuance with prejudice.

## **COURT APPROVAL**

9.    <u>Application for Preliminary Order</u>.  Promptly after execution of this Stipulation, the Plaintiffs shall submit to the Federal Court this Stipulation with its related documents and shall apply for entry of the Preliminary Order requesting, inter alia, an order which preliminarily approves the Settlement and directs MBIA to notify shareholders by (a) posting the Notice and this Stipulation on the Company's website through the Settlement Hearing and (b) publishing the Publication Notice in *The Wall Street Journal*.

10.    The Parties shall cooperate in obtaining the Federal Court's approval of the Settlement as well as the dismissal of the Derivative Actions with prejudice and in accordance with the terms of this Stipulation and governing law.

## **EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION**

11.    If the Effective Date fails to occur because the Federal or State Court rejects the Settlement, then any of the Parties may terminate the Stipulation and withdraw from the Settlement by providing written notice of such action to the undersigned counsel for all of the Parties within thirty (30) days after the rejection.  In the event that the Settlement is terminated, the proposed Settlement and any actions taken in connection therewith shall be vacated and shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it: (a) shall be without prejudice to the rights of any Party; (b) shall not be deemed to be or construed as evidence of, or an admission by any Party of, any fact, matter, or thing or weakness of any claims or defenses; and (c) shall not be admissible in evidence or be used for any purpose in any subsequent proceedings in the Derivative Actions or any other action or proceeding.  The Parties shall be deemed to have reverted to their respective status in the

Derivative Actions as of the date and time immediately before the execution of this Stipulation, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

      12.    Standstill Agreement.  Pending the Federal and State Dismissals, the Plaintiffs are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims or participating in coordinated discovery, either directly, representatively, derivatively, or in any other capacity, against any Released Persons.  The Plaintiffs also agree not to oppose any motion to dismiss any other proceedings to the extent any Released Claims are asserted or continue to be asserted in any court before or after the entry of a judgment based on this Settlement.

## MISCELLANEOUS PROVISIONS

      13.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

      14.    Cooperation of the Parties.  The Parties (a) acknowledge that it is their intent to consummate this Settlement and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable efforts to accomplish the foregoing terms and conditions of this Stipulation.  The Parties will seek the Federal Court's approval of the Preliminary Order and, when appropriate, the Order and Final Judgment.

      15.    Continuous Ownership.  The Plaintiffs warrant that they have continuously owned shares of MBIA common stock throughout the period of alleged wrongdoing and the pendency of the Derivative Actions.

      16.    No Admissions.  The provisions contained in this Stipulation and all negotiations, statements, and proceedings leading up to and in connection therewith are not, shall not be

argued to be, and shall not be deemed, a presumption, concession, or admission, by any of the Parties or Released Persons of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Derivative Actions or any other actions or proceedings and shall not be interpreted, construed, invoked, offered or received in evidence, or otherwise used by any Person in these or any other action or proceeding, whether civil, criminal, or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation. Accordingly, the Defendants may file this Stipulation or any judgment or order relating thereto in any action that may be brought against them to support a defense or counterclaim based on res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim. Nothing contained herein shall prevent the Defendants from complying with any disclosure obligation under federal, state, or other law or from otherwise referring to the Settlement or releases contained in this Stipulation.

17.     <u>Confidentiality Agreements</u>. The Stipulation and Order dated January 16, 2009, in the Federal Action and the Confidentiality Agreement dated January 7, 2009, in the State Action shall survive this Stipulation and the Settlement.

18.     <u>Costs</u>. Except as otherwise expressly provided herein, the Parties shall bear their own costs.

19.     <u>Public Statements</u>. The Parties believe that the terms and conditions of the Settlement are in the best interests of the Company and its shareholders. Accordingly, the Parties and their counsel agree that any public statements concerning the Derivative Actions or this Settlement will be consistent with this belief. The Plaintiffs and Plaintiffs' Counsel further agree (a) not to disparage MBIA, the Special Litigation Committee, or any of the Individual Defendants and (b) not to initiate any contact with the press or the media regarding the Derivative Actions or this Settlement. In connection with any website posting or in response to

any and all press inquiries regarding the Derivative Actions or this Settlement, the Plaintiff and Plaintiffs' Counsel shall only provide factual information that is otherwise publicly available in materials filed by the Parties with the Federal and State Courts.

20.    Entire Agreement.  This Stipulation and all documents executed pursuant hereto constitute the entire agreement between the Parties with respect to the Settlement of the Derivative Actions and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to the Settlement of the Derivative Actions.

21.    Binding Effect.  This Stipulation shall be binding upon, and inure to the benefit of all Parties, Released Persons, and their respective successors and assigns.  This Stipulation is not intended, and shall not be construed, to create rights in or confer benefits on any other Persons, and there shall not be any third-party beneficiaries hereto except as expressly provided hereby.

22.    Modification.  This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interests.

23.    Judicial Enforcement.  The Federal Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation and the Settlement, and the Parties submit to the jurisdiction of the Federal Court for purposes of implementing and enforcing the terms of the Stipulation and Settlement.

24.    Choice of Law.  This Stipulation shall be governed by the laws of the State of New York, without regard to conflict of laws principles.

25.    Warranties of Authority.  Each counsel or Person executing the Stipulation or any of the related documents on behalf of any Party hereby warrants that such Person has the full authority to do so.

26.    Waiver of Breach.  The Parties may not waive or vary any right hereunder except by an express written waiver or variation.  Any failure to exercise or any delay in exercising any

of such rights, or any partial or defective exercise of such rights, shall not operate as a waiver or variation of that or any other such right. The waiver by one Party of any breach of this Stipulation by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

27.    Fair Construction.  This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and counsel for all Parties have contributed substantially and materially to the preparation of this Stipulation.

28.    No Assignment of Claims.  The Plaintiffs hereby represent and warrant that they have not assigned any rights, claims, or causes of action that were asserted or could have been asserted in connection with, under, or arising out of any of the claims being settled or released herein.

29.    Counterparts.  This Stipulation may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument. This Stipulation and any amendments hereto, to the extent executed and delivered by means of a facsimile machine or e-mail of a PDF file containing a copy of an executed agreement (or signature page thereto), shall be treated in all respects and for all purposes as an original agreement or instrument and shall have the same binding legal effect as if it were the original signed version thereof. No Party shall raise the use of a facsimile machine or e-mail to deliver a signature or the fact that any signature or agreement was transmitted or communicated through the use of a facsimile machine or e-mail as a defense to the formation or the enforceability of this Stipulation and each such Person forever waives any such defense.

30.   <u>Stay of Proceedings</u>.  The Parties will cooperate to seek court approval of a stay of all proceedings in the Derivative Actions except those provided in this Stipulation related to court approval of the Settlement.

31.   <u>Extensions of Time</u>.  Without further order of the Federal or State Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of this Stipulation.

The Parties have caused this Stipulation to be duly executed and delivered by their counsel of record:

LOWENSTEIN SANDLER PC

By:_____
    Ira Lee Sorkin
    Donald A. Corbett
    Daniel K. Roque
    1251 Avenue of the Americas
    New York, New York 10020

    *Attorneys for Nominal Defendant*
    *MBIA Inc. through the Special*
    *Litigation Committee of the Board of*
    *Directors, David A. Coulter, and*
    *Richard C. Vaughan*

KOHN, SWIFT & GRAF, P.C.

By:_____
    Denis F. Sheils
    One South Broad Street, Suite 2100
    Philadelphia, Pennsylvania 19107

-23-

30.  <u>Stay of Proceedings</u>.  The Parties will cooperate to seek court approval of a stay of all proceedings in the Derivative Actions except those provided in this Stipulation related to court approval of the Settlement.

31.  <u>Extensions of Time</u>.  Without further order of the Federal or State Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of this Stipulation.

The Parties have caused this Stipulation to be duly executed and delivered by their counsel of record:

LOWENSTEIN SANDLER PC

By:_____
     Ira Lee Sorkin
     Donald A. Corbett
     Daniel K. Roque
     1251 Avenue of the Americas
     New York, New York 10020

     *Attorneys for Nominal Defendant*
     *MBIA Inc. through the Special*
     *Litigation Committee of the Board of*
     *Directors, David A. Coulter, and*
     *Richard C. Vaughan*

KOHN, SWIFT & GRAF, P.C.

By:_____
     Denis F. Sheils
     One South Broad Street, Suite 2100
     Philadelphia, Pennsylvania 19107

DEBEVOISE & PLIMPTON LLP          WOLF HALDENSTEIN ADLER FREEMAN
                                      & HERZ LLP

By: _____       By: _____
     Robert N. Shwartz                  Gregory M. Nespole
     Jeremy Feigelson                    270 Madison Avenue
     919 Third Avenue                    New York, New York 10016
     New York, New York 10022

     *Attorneys for Joseph W. Brown, C.*      *Attorneys for Plaintiff Police*
     *Edward Chaplin, David C. Clapp,*        *and Fire Retirement System of the City*
     *Gary C. Dunton, Claire L. Gaudiani,*    *of Detroit*
     *Daniel P. Kearney, Kewsong Lee,*
     *Laurence Meyer, David M. Moffett,*
     *Debra J. Perry, John A. Rolls,*
     *Richard H. Walker, and Jeffrey W.*
     *Yabuki*                             FARUQI & FARUQI, LLP

                                      By: _____
                                           Nadeem Faruqi
                                           Beth A. Keller
                                           369 Lexington Avenue
                                           New York, New York 10017

                                           *Attorneys for Plaintiff Mary*
                                           *Crescente*

-24-

DEBEVOISE & PLIMPTON LLP

By: _____

Robert N. Shwartz
Jeremy Feigelson
919 Third Avenue
New York, New York 10022

*Attorneys for Joseph W. Brown, C.
Edward Chaplin, David C. Clapp,
Gary C. Dunton, Claire L. Gaudiani,
Daniel P. Kearney, Kewsong Lee,
Laurence Meyer, David M. Moffett,
Debra J. Perry, John A. Rolls,
Richard H. Walker, and Jeffrey W.
Yabuki*

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

By: _____

Gregory M. Nespole
270 Madison Avenue
New York, New York 10016

*Attorneys for Plaintiff Police
and Fire Retirement System of the City
of Detroit*

FARUQI & FARUQI, LLP

By: _____

Nadeem Faruqi
Beth A. Keller
369 Lexington Avenue
New York, New York 10017

*Attorneys for Plaintiff Mary
Crescente*

-24-