UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Derivatively on Behalf of MBIA INC., <br><br> Plaintiffs, <br><br> -against- <br><br> DAVID C. CLAPP, GARY C. DUNTON, CLAIRE L. GAUDIANI, DANIEL P. KEARNEY, LAURENCE MEYER, DAVID M. MOFFETT, DEBRA J. PERRY, JOHN A. ROLLS, RICHARD C. VAUGHAN, RICHARD H. WALKER, JEFFREY W. YABUKI, <br><br> Defendants, <br><br> -and- <br><br> MBIA INC., <br><br> Nominal Defendant. | No. 08-CV-01515 (KMK) (GAY) |

## PRELIMINARY APPROVAL AND SCHEDULING ORDER

The parties to the above-captioned shareholder derivative action (the "Federal Action") have applied pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for an Order to approve the proposed settlement of the Federal Action in accordance with the Stipulation of Compromise and Settlement entered into by the parties, dated as of October 4, 2012 (the "Stipulation"), and for the dismissal of the Federal Action with prejudice upon the terms and conditions set forth in the Stipulation (the "Settlement"). The parties to a parallel shareholder derivative action currently pending in the Supreme Court of the State of New York, *Crescente v. Brown*, Index No. 08/17595, also signed the Stipulation and have therefore agreed to be bound by its terms. They anticipate seeking dismissal with prejudice of their action if and when this

24898/2
11/29/2012 18520542.4

Court grants final approval of the Settlement. The Court having read and considered the Stipulation and accompanying documents, and all parties having consented to the entry of this Order,

NOW, THEREFORE, this 30th day of November, 2012, upon application of the Parties,

IT IS HEREBY ORDERED as follows:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. For purposes of this Settlement, the Federal Action is to be treated as a properly maintained shareholder derivative action on behalf of MBIA under Rule 23.1 of the Federal Rules of Civil Procedure and the Police and Fire Retirement System of the City of Detroit is to be treated as an appropriate derivative plaintiff.

3. The Settlement appears to be the product of serious, informed, noncollusive negotiations between the parties, who were assisted by mediator Judge Daniel Weinstein, has no obvious deficiencies, and falls within the range of possible approval and, therefore, merits further consideration.

3a. Plaintiffs' motion for final approval is due January 7, 2013; Objections are due January 22, 2013; Any responses are due January 25, 2013.

4. The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its Shareholders.

5. The Court has scheduled a Settlement Hearing, which will be held on February 8, 2013, at 2:30pm., at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, to:

   a) consider the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and its Shareholders;

-2-

      b)      consider an Order and Final Judgment dismissing the Federal Action with prejudice, with each Party to bear his, her, or its own costs, and release and enjoin prosecution of any and all Released Claims;

      c)      consider Plaintiffs' Counsel's request for an award of Fees and Expenses; and

      d)      hear other such matters as the Court may deem necessary and appropriate.

6. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Company's Shareholders.

7. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties and without further notice to the Company's Shareholders.

8. The Court approves, as to form and content, the Notice of Pendency and Settlement of Derivative Actions and of Settlement Hearing (the "Notice"), annexed as Exhibit A to the Stipulation, and the Summary Notice of Pendency and Settlement of Shareholder Actions and of Settlement Hearing ("Publication Notice"), annexed as Exhibit D to the Stipulation, and finds that the posting and publication of these notices, substantially in the manner and form set forth below, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of all matters relating to the Settlement.

9. All costs incurred in notifying the Company's Shareholders of the Settlement, shall be paid by the Company.

10. No later than December 5, 2012, MBIA's counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit A to the Stipulation, to be posted on the Company's website through the date of the Settlement Hearing.

11. No later than December 10, 2012, MBIA's counsel shall cause a copy of the Publication Notice, substantially in the form annexed as Exhibit D to the Stipulation to be published in *The Wall Street Journal*.

12. At least seven (7) days before the Settlement Hearing, MBIA's counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such website posting and publication.

13. All proceedings in the Federal Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further Order of this Court. This Court will have jurisdiction over the Parties for purposes of implementing and enforcing the terms of the Stipulation and Settlement. Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, Plaintiffs' Counsel, all of the Company's Shareholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Persons.

14. Any Shareholder as of November 30, 2012 [date of this Preliminary Approval and Scheduling Order], that continues to hold shares of MBIA common stock as of the date of the Settlement Hearing ("Objecting Shareholder") may appear and show cause, if he, she, or it has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to counsel for the Plaintiffs; provided, however, that no Objecting

Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to counsel for the Plaintiffs unless that person files and serves his, her, or its objection in accordance with the terms and conditions in the Notice.

15. Any Objecting Shareholder, who does not file and serve a timely objection in accordance with the terms and conditions in the Notice shall be deemed to have waived any objection such Shareholder might have, and shall forever be barred, in these proceedings or in any other proceedings, from making any objection to or otherwise challenging the Settlement, the Stipulation or any provision thereof, the dismissal of the Derivative Actions, the application and award of attorneys' fees and expenses, or any other proceedings herein, and shall have no right to appeal therefrom.

16. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

17. If the Stipulation is not approved by the Court, is terminated, or shall not become effective for any reason, the Federal Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Federal Action or any other action or proceeding.

IT IS SO ORDERED.

Dated: November 30, 2012

U.S.D.J. Kenneth M. Karas