# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100

PHILADELPHIA, PENNSYLVANIA 19107-3304

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LAROCCA
DENIS F. SHEILS†◊
DOUGLAS A. ABRAHAMS •
WILLIAM E. HOESE
STEVEN M. STEINGARD ♦
STEPHEN H. SCHWARTZ •
CRAIG W. HILLWIG
BARBARA L. MOYER †

† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN NEVADA
♦ ALSO ADMITTED IN NEW JERSEY

HAROLD E. KOHN
1914-1999

OF COUNSEL
MERLE A. WOLFSON

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

E-MAIL: DSHEILS@KOHNSWIFT.COM



**MEMO ENDORSED**

November 30, 2012

**VIA FACSIMILE**

Honorable Kenneth M. Karas
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *Trustees of the Police & Fire Ret. Sys. v. Clapp*, No. 08-cv-01515 (KMK) (GAY)

Dear Judge Karas:

      We write in response to Your Honor's request that we provide additional authority addressing the grounds to preliminarily approve the proposed settlement in the above-referenced matter.

      As referenced in this morning's oral argument, Connecticut General Statute § 33-726(1) provides: "On termination of the derivative proceeding the court may ... [o]rder the corporation to pay the plaintiff's expenses incurred in the proceeding if it finds that the *proceeding* has resulted in a substantial benefit to the corporation." *Id.* (emphasis added)  The focus in the statute on whether the proceeding resulted in a substantial benefit to the corporation, rather than the settlement, is entirely consistent with the other authorities previously cited to the Court, including *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970). As also referenced during oral argument, *Mills*, in addressing the question whether private stockholder actions involving corporate therapeutics furnish a substantial benefit, specifically acknowledged the cases permitting "reimbursement ... where the litigation has conferred a substantial benefit on members of an ascertainable class," *Id.* at 393-94, and "that a corporation may receive a substantial benefit from a derivative suit, justifying an award of counsel fees, regardless of whether the benefit is pecuniary in nature." *Id.* at 395 & n.22 (internal quotations omitted).

KOHN, SWIFT & GRAF, P.C.     CONTINUATION SHEET NO. 2     HONORABLE JUDGE KARAS
                                                          NOVEMBER 30, 2012

The *Mills* decision also recognized authority stating: "'Where an action by a stockholder results in a substantial benefit to a corporation he should recover his costs and expenses.'" *Id.* at 396 (quoting *Bosch v. Meeker Coop. Light & Power Ass'n*, 101 N.W.2d 423, 425 (Minn. 1960).

The corporate governance reforms enacted after the litigation was commenced, as explained more fully in Plaintiff's Preliminary Approval memorandum, have conferred a substantial benefit on MBIA in that they have improved the Company's risk management and disclosure policies and have taken steps to ensure that Board decisions are informed and impartial going forward. These specifically-tailored remedies address the allegations in the complaint and will continue to benefit MBIA in the future. Therefore, Plaintiff respectfully submits that the proposed settlement be approved.

Respectfully Submitted,

*Denis F. Sheils* /B.2.M

Denis F. Sheils

cc:  Donald A. Corbett, Esq. (via email)
     Robert N. Shwartz, Esq. (via email)
     Gregory Mark Nespole, Esq. (via email)
     Malcolm T. Brown, Esq. (via email)

**The Clerk of the Court is respectfully requested to docket this letter.**

So Ordered.

*[signature]*
11/30/12