UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

No. 08 Civ. 1515 (KMK) (GAY)

TRUSTEES OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Derivatively on Behalf of MBIA INC.,

                Plaintiffs,

-against-

DAVID C. CLAPP, GARY C. DUNTON, CLAIRE L. GAUDIANI, DANIEL P. KEARNEY, LAURENCE MEYER, DAVID M. MOFFETT, DEBRA J. PERRY, JOHN A. ROLLS, RICHARD C. VAUGHAN, RICHARD H. WALKER, JEFFREY W. YABUKI,

                Defendants,

-and-

MBIA INC.,

                Nominal Defendant.

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING WITH PREJUDICE

WHEREAS, the above shareholder derivative action having come on regularly for a hearing, as noticed, on February 8, 2013, at 2:30 p.m., pursuant to the Order of this Court, dated November 30, 2012 (the "Preliminary Order"), to consider and determine the matters set forth in the Preliminary Order; and

WHEREAS, due and sufficient notice having been given as provided in the Preliminary Order, and all persons having any objection to the proposed settlement or the request for attorneys' fees and expenses described in the Notice of Pendency and Settlement of

Derivative Actions and of Settlement Hearing having been given an opportunity to present such objections to the Court; and

WHEREAS, no objections to the settlement or the requested attorneys' fees and expenses were received; and

WHEREAS, the Court having heard and considered the matter, including all papers filed in connection therewith, the arguments of the parties at the February 8, 2013 hearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation of Compromise and Settlement executed by the Parties on October 4, 2012, and filed with the Court on October 15, 2012, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Action, and over all parties to the Federal Action and Stipulation, for purposes of reviewing and approving the Settlement, including nominal defendant MBIA, the Individual Defendants, and MBIA Shareholders.

3. The Notice is hereby determined to be fair, reasonable, and adequate notice under the circumstances and in full compliance with Rule 23.1 of the Federal Rules of Civil Procedure, and the requirements of due process of the United States Constitution and any other applicable laws, and constitutes due and sufficient notice.

4. This action is properly maintained as a shareholder derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of MBIA and the Police and Fire Retirement System of the City of Detroit is an appropriate derivative plaintiff.

5. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is in all respects fair, just, reasonable, and adequate to MBIA and its Shareholders and shall be consummated in accordance with the terms and conditions of the Stipulation. The Parties are hereby authorized and directed to comply with the terms of the Stipulation and to consummate the Settlement in accordance with its terms and provisions.

6. The Federal Action and all of the Released Claims as against the Released Persons are hereby **DISMISSED WITH PREJUDICE**, with each Party to bear his, her, or its own costs (except as otherwise provided in this Order and Final Judgment or the Stipulation).

7. Plaintiffs on behalf of themselves and their Related Persons, MBIA, and any MBIA Shareholder, are hereby forever barred and enjoined from prosecuting any Released Claims they may have against any of the Released Persons. Plaintiffs are also hereby forever barred and enjoined from prosecuting any claims against the Defendants' counsel related to the defense of the Derivative Actions.

8. Each Defendant, on behalf of himself, herself, or itself and on behalf of his, her, or its respective Related Persons, is hereby forever barred and enjoined from prosecuting any Released Defendants' Claims they may have against the Plaintiffs and Plaintiffs' Counsel and their subsidiaries, affiliates, members, directors, officers, employees, partners, shareholders, agents, heirs, administrators, successors, and assigns.

9. Each Defendant, on behalf of himself, herself, or itself and on behalf of his, her, or its respective Related Persons, is hereby forever barred and enjoined from prosecuting any claims (including Unknown Claims) against each other and their respective Related Persons arising out of, relating to, or in connection with the Released Claims.

10. No provision in the Stipulation or its Exhibits shall bar any claims or potential claims that any Defendant may have under or relating to any policy of liability or other insurance.

11. Plaintiffs' Counsel are hereby awarded Fees and Expenses in the amount of $825,000, which MBIA shall cause to be paid to Kohn Swift no later than twenty-five (25) days after the Effective Date. Plaintiffs' Counsel's receipt of the Fees and Expenses is subject to Plaintiffs' Counsel's joint and several obligation to make a refund or repayment to the Company or its designee if, as a result of any appeal, further proceedings on remand, or successful collateral attacks, the amount of Fees and Expenses is reduced or eliminated.

12. Nothing in the Stipulation, the Settlement set forth therein, or any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is, may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Defendants or Released Persons; or is or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and the Released Persons may file this Order and Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, any theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13. Nothing contained herein shall be construed to release, discharge, extinguish, or otherwise compromise any claims, potential claims, duties, obligations, or rights that any Defendant or any insurer may have or owe under or relating to any policy of liability or other insurance.

14. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing jurisdiction to enter any further orders as may be necessary to effectuate or enforce the terms and provisions of the Stipulation and the Settlement, to protect and effectuate the provisions of this Order and Final Judgment, and to hear and determine other matters relating to the administration, consummation, construction, or enforcement of the Settlement provided for in the Stipulation and in this Order and Final Judgment.

15. The Clerk of the Court is directed to enter this Final Judgment pursuant to this Order in accordance with Rules 54 and 58 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: February 15, 2013

U.S.D.J. Kenneth M. Karas